
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>　　v.<br><br>ANTONIO RENTERIA-SAAC,<br>　　Defendant. | CASE NO. 4:17-cr-00194-SDJ-RPJ-2<br><br><br>MOTION DENYING AND CHALLENGING<br>THE JURISDICTION OF THE<br>ABOVE NAMED COURT OVER<br>SUBJECT MATTER |

MOTION DENYING AND CHALLENGING THE JURISDICTION
OF THE ABOVE NAMED COURT OVER SUBJECT MATTER

RESPECTFULLY SUBMITTED
BY THE DEFENDANT, PRO SE

12-31-19
DATE:

_ANTONIO RENTERIA_
Antonio Renteria-Saac
Reg. No. 42127-018
Federal Correction Institution
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

COMES NOW THE DEFENDANT, Denying and Challenging the Jurisdiction of the above named Court over Subject Matter in the above entitled cause.

The Judgment in this matter must be set aside because the District Court lacked Subject Matter Jurisdiction to render it. As more fully explained in the Affidavit of Antonio Renteria-Saac, a Federal grand jury indicted Defendant for Conspiracy to possess with the intent to distribute cocaine while on board a vessel subject to the jurisdiction of the United States, and Conspiracy to operate a semi-submersible vessel without nationality, in violation of 46 U.S.C. §§ 70503(a) and 70506, Maritime Drug Law Enforcement Act (MDLEA).

For the reasons set forth in the Affidavit, Maritime Drug Law Enforcement Act, as applied to the Defendant, exceeded the power of Congress under the United States Constitution Article 1, Section 8, Clause 10. Drug trafficking is not subject to universal jurisdiction and no other internationally recognized jurisdiction basis applies. Congress does not have the authority to proscribe Defenddant's conduct under Article 1, Section 8, Clause 10 of the Constitution of the United States of America. Judgment was entered in this matter on June 21, 2018 [Doc. No. 94].

As shown in the Affidavit, the Court rendering judgment in this matter lacked Subject Matter Jurisdiction because:

1. The power of Congress to define and punish conduct under the Offense Clause is limited by customary International Law.

2. Drug trafficking is not a violation of customary International Law and, as a result, falls outside the power of Congress under the Offense Clause.

3. On the existing evidentiary Record the Government failed to establish that the vessel was in fact subject to the United States Jurisdiction.

4. Applied to the Defendant MDLMA is unconstitutional and defendant's conviction must be vacated.

Consequently, a Court must vacate any Judgment entered in excess of its Jurisdiction. In there circumstances the Judgment [must] be set aside as it is VOID (See NOTICE OF VOID JUDGMENT).

Because Relief is sought on the basis that the Judgment is VOID for lack of Subject Matter Jurisdiction, not merely voidable, Relief may not be denied even if the Court finds that the neglect that led to the Judgment in question was inexcusable, even if the Court believes that the requested Relief will unduly prejudice the party opposing Relief, and even if the Court determines that the Defendant's defense to the Action is without merit.

RECORD ON MOTION

This Motion is supported by the accompanying "NOTICE OF VOID JUDGMENT" and the "AFFIDAVIT" of Antonio Renteria-Saac - setting forth the Facts concerning this Motion Denying and Challenging the Jurisdiction of the Court over Subject Matter. Defendant request that this Court take Judicial Notice of the "AFFIDAVIT" and Facts stated therein, and "NOTICE OF VOID JUDGMENT" pursuant to Rule 201(b)(2), (c)(2) of the Federal Rules of Evidence.

DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

RESPECTFULLY SUBMITTED
BY THE APPELLANT, PRO SE

DATE: *12-31-19,*

*ANTONIO RENTERIA*
Antonio Renteria-Saac

-3-